[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A writ of habeas corpus having been issued, petitioner requests the following relief based upon his Amended Petition dated June 18, 1991:
 "1. That the plea of guilty of violation of Conn. Gen. Stat. 53a-103 be vacated and; CT Page 8229
 2. That petitioner is granted the right to a trial by jury on the original charges and the opportunity to present his defenses to those charges."
All claims for relief should be denied.
On February 8, 1991, a reliable informant gave the Waterbury police the name and address of the petitioner and said the petitioner was responsible for the burglary at Bob's camera shop. Said burglary occurred on February 7, 1991.
Petitioner was taken by the police to the police station, the next day. He gave a written statement on February 8, 1991 in which he stated: "That on February 7, 1991 at about 8:30 p.m. I was walking on South Main Street in Waterbury, CT with . . . a person I know by Michael . . . and this other dude I know by Larry, and Larry said that I owed him $110.00, and asked me to kick in the window at Bob's camera shop, and he would call it even . . . I kicked the front window . . . the glass broke, and I observed Larry and Michael . . . take cameras out of this front window, and I left without taken anything."
On February 25, 1991, petitioner was arrested and charged with violation of General Statutes 53a-103 (Burglary in the third degree) and 53a-16 (Criminal mischief in the second degree) arising out of said incident.
Petitioner was arraigned on February 26, 1991 and a public defender was appointed to represent him. At the arraignment, and thereafter, petitioner met with his attorney.
Counsel discussed with petitioner the State's offer of three years suspended after two years with two years probation; petitioner refused the offer.
Subsequently, after arraignment, petitioner met with his attorney again. They discussed the elements of the crimes, the police report and petitioner's signed statement dated February 8, 1991. Counsel told petitioner that the State had a good case; counsel discussed again the State's offer of three years suspended after two years with two years probation. Petitioner refused the offer; and he told counsel that he owed money to Larry, that this was a way to pay it back and that he felt he had no choice but to break the window to pay off the debt. Counsel told petitioner that this would be raised by her at trial but it was not enough to support a defense of duress. (53a-14 of the General Statutes).
Prior to this arrest of petitioner, he had two convictions for burglary. At the time of his arrest, petitioner was on CT Page 8230 Supervised Home Release.
On April 8, 1991, the State offered two years concurrent with the then present sentence being served. This offer was accepted by petitioner after discussions with his counsel.
Petitioner pleaded guilty to violation of 53a-103; after a plea canvass, the plea was accepted and sentence imposed in accordance with the plea agreement.
Petitioner now complains that counsel provided ineffective assistance in that counsel represented to petitioner that the "actions admitted constituted burglary per se" and that "as a matter of law the defense of duress did not constitute a defense" and that counsel failed to investigate his claim of duress.
"A convicted defendant who complains of ineffective assistance of counsel must show, first, that counsel's representation fell below the standard of reasonably effective assistance. Strickland v. Washington, 466 U.S. 668, 686,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): Williams v. Manson, supra 564. The defendant must then show that counsel's ineffectiveness at trial prejudiced the defense. Strickland v. Washington, supra. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' Id., 691. A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice. Id., 697." Nardini v. Manson, 207 Conn. 118, 124; Quintana v. Warden,220 Conn. 1, 4.
Only two witnesses testified before this court, petitioner and his public defender. Petitioner testified that the two men, referred to in his signed statement, had weapons, that they threatened him with physical violence, that they hit him and caused a bloody wound to his head, that he went to St. Mary's Hospital Annex the day following the incident, that he showed the wound to the police when he gave the signed statement, that the statement he gave was not true and the results of threats by the police. This court finds that none of this information was told by petitioner to his attorney prior to entry of his plea. Therefore, counsel had no reason to investigate a defense of duress which might be viable under 53a-14 of the General Statutes. Also no evidence was presented before this court to show the evidence an investigation, prior to plea, would have produced to support such a defense.
Contrary to petitioner's claim, this court finds that his counsel did not tell him that breaking in the window alone was CT Page 8231 sufficient to constitute commission of the crime of burglary. Counsel told petitioner that, based on his written statement, the State had a good case and that, if he wished a trial, petitioner's claim that he broke the window because he owed Larry money would be asserted although it did not constitute a defense of duress.
No evidence has been presented that petitioner's public defender's representations "fell below the standard of reasonably effective assistance"; and no evidence has been presented to show the public defender's assistance "prejudiced the defense."
Accordingly, all claims for relief are denied and the petition is dismissed.
Ronald J. Fracasse, Judge.
CT Page 8231