[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 18, 1990, the petitioner filed a petition for a writ of habeas corpus alleging ineffectiveness of counsel. A hearing on this petition was held by this court on April 9, and April 20, 1992.
FACTS
On July 20, 1989, in the Superior Court, Fairfield Judicial District at Bridgeport, the petitioner entered guilty pleas, under the doctrine of North Carolina v. Alford,400 U.S. 25 (1970), to one count of possession of narcotics with intent to sell by a non-drug-dependent person, in violation of Conn. Gen. Stat. Sec. 21a-278(b), and one count of carrying a pistol without a permit, in violation of Conn. Gen. Stat. Sec. 29-35. On September 1, 1989, the petitioner received a total effective sentence on these charges of twelve (12) years, execution suspended after seven (7) years, probation for three (3) years with certain special conditions of probation.
Because a conviction for a violation of Section21a-278(b) carries with it a five (5) year mandatory, nonsuspendable minimum sentence, the petitioner is ineligible for supervised home release (SHR) until that minimum term is served.
At the time he entered his pleas of guilty, and for some months before, the petitioner was represented by then Assistant Public Defender Erskine McIntosh. Although several other claims of deficient representation were alleged in the CT Page 3792 amended petition, dated September 10, 1991, the only such ground pursued at trial is the purported failure of this attorney to advise the petitioner, before he pled guilty to a violation of Section 21a-278(b), that he would be ineligible for SHR.
LAW
At the hearing, the petitioner testified that his public defender never explained to him, before pleading guilty that a conviction of Section 21a-278(b) would make SHR inapplicable to him. He also testified that had he been aware of this ramification, he would not have agreed to plead guilty but would have insisted on a trial. Attorney McIntosh, however, testified that on July 20, 1989, before the petitioner pled guilty to Section 21a-278(b), he specifically informed the petitioner that a conviction for this charge carried a mandatory, minimum five (5) year sentence and that the petitioner would not be eligible for SHR. The issue to be resolved, therefore, is one of the credibility of witnesses.
The burden of proving ineffectiveness of counsel is upon the petitioner, Quintana v. Warden, 220 Conn. 1 (1991), p. 5. In this regard, the court finds that the petitioner has failed to prove by a preponderance of the evidence that he was not advised by Attorney McIntosh as to the unavailability of SHR. The Court finds Attorney McIntosh's testimony on this subject credible. It should be noted that this attorney is now in private practice, and the Court perceived no lingering allegiance to the Public Defender's Office which might color his testimony. The Court feels that the discrepancy of recollections is likely the result of the lapse of memory by the petitioner because of the delay of several weeks between the rendering of the advice and the imposition of sentence.
Because the petitioner has failed to prove the sole deficiency of representation pursued at the hearing, the petition is dismissed.
BY THE COURT, HON. SAMUEL SFERRAZZA SUPERIOR COURT JUDGE