[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a jury trial, of attempted robbery first degree, in violation of General Statutes §§ 53a-49 and 53a-134(a)(3), and carrying a dangerous weapon, in violation of General Statutes § 53-206(a), upon which judgment the petitioner received a total, effective sentence of twenty years incarceration.
The petitioner claims his confinement is unlawful because his public defender at his criminal trial, Attorney Arnaldo Granados, rendered ineffective assistance by preventing the petitioner from testifying in his own behalf at that trial; by failing to pursue a motion in limine; by failing to have the knife, purportedly used in the robbery, examined for fingerprints; and by failing to offer into evidence the shirt which the petitioner wore at the time of his arrest. CT Page 11203
The petitioner's judgment of conviction was affirmed on appeal, State v. Cobb, 27 Conn. App. 601 (1992).
The charges against the petitioner arose from an attempted robbery of a McDonald's restaurant in Fairfield on June 11, 1989, wherein the robber brandished a knife and engaged in a physical clash with the restaurant manager. Fortuitously, a state trooper and off-duty police officer were present near the scene, and they apprehended the petitioner in a car, along with other occupants, in the restaurant parking lot. The restaurant manager, another employee, and a customer identified the petitioner as the culprit at the scene.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The petitioner did not testify at his criminal trial. He did testify at the habeas hearing to the effect that he wanted to testify at his criminal trial, but Granados refused to allow him that opportunity despite several requests by the petitioner. Benzina Inabinette also testified at the habeas hearing and indicated that she had gone to the Bridgeport Correctional Center and retrieved the shirt the petitioner wore when arrested. She further related that she spoke to Granados about the shirt, and, after Granados looked at it, he told Inabinette that her testimony regarding the shirt was unnecessary. The shirt was never offered into evidence at the petitioner's criminal trial. The knife, which was seized after a search of the car in which the petitioner was CT Page 11204 arrested, was never examined for fingerprints by anyone before the petitioner's criminal trial. About five years later, Robert S. Finkle, a latent fingerprint expert for the state police crime laboratory examined the knife and found no discernible prints thereon. Shortly after seizure, the knife was handled by the state trooper who located it, as well as other law enforcement officers (Petitioner's Exhibit B, pp. 45 and 46).
Granados also testified at the habeas hearing. He stated that he discussed the possibility of the petitioner taking the witness stand at his criminal trial with the petitioner numerous times. Granados indicated he advised the petitioner of his right to testify if he wished. Granados also related that at all these discussions the petitioner consistently expressed reservations about taking the stand. Granados advised against the petitioner testifying, and the petitioner agreed with this advice. Granados stated that had the petitioner evinced a desire to testify, despite Granados' advice, Granados would have had the petitioner testify. Granados also noted that he interviewed Inabinette about the petitioner's shirt and she told him that she had discarded it, and, as a result, it was unavailable at trial.
Credibility is for the trier-of-fact to determine. The court finds Granados' version of events credible and accurate and rejects the petitioner's version. Consequently, the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Granados' representation was deficient in the manner he claims.
As to Granados' failure to pursue a motion in limine with respect to the petitioner's previous criminal history, the petitioner's decision to decline to testify, based on Granados' advice, made that issue moot.
Turning to Granados' failure to have the knife examined for fingerprints, it must be kept in mind that this examination would have occurred some time after the weapon was seized and handled by at least two persons besides the robber. For the first four months following his attest the petitioner told Granados that he had amnesia regarding the incident at McDonalds. Granados was aware the police had never had the weapon examined for fingerprints. Granados made a tactical decision to let sleeping dogs lie.
This was a wise and reasonably competent decision. An examination would have either disclosed the presence of the CT Page 11205 petitioner's fingerprints or not. The former possibility would, of course, have been disastrous for the petitioner. The latter circumstance would be of little benefit because of the passage of time and number of persons who had opportunity to handle the knife before examination. By avoiding a defense examination, Granados was able, in final argument, to portray the police investigation of the attempted robbery as a shoddy one precisely because of the absence of a fingerprint exam (Petitioner's Exhibit B, pp. 255 and 256). Had the defense had the weapon checked for fingerprints, and the result been inconclusive, this argument would have been less weighty because it would have pointed out the futility of such an examination. Only if the fingerprints of one of the petitioner's companions were identified on the knife could the petitioner benefit. Even this circumstance would be inconclusive because of the possibility the petitioner's companion handled the weapon before or after the attempted robbery committed by the petitioner.
Given these circumstances, the decision by Granados to leave the fingerprint issue unresolved was a judicious one. The habeas court's scrutiny of trial counsel's performance must be highly deferential, and the court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, Ouintana v. Warden, 220 Conn. 1, 5 (1991). Granados' representation was within this "wide range" of reasonably competent representation.
For these reasons, the petition is dismissed.
Sferrazza, J.