## JOSE QUINTANA *v.* WARDEN, STATE PRISON (14269)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BORDEN, Js.

Argued June 5—decision released August 6, 1991

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's

attorney, and *Marcia Smith,* assistant state's attorney, for the appellant (respondent).

*Karen Goodrow,* assistant public defender, for the appellee (petitioner).

COVELLO, J. This is an appeal from a judgment of the Superior Court granting the petitioner's application for a writ of habeas corpus. In 1987, a jury found the petitioner guilty of felony murder in violation of General Statutes § 53a-54c. We upheld the conviction on appeal. *State* v. *Quintana,* 209 Conn. 34, 547 A.2d 534 (1988). The petitioner thereafter filed the present petition seeking a writ of habeas corpus. The habeas court concluded that the petitioner had been denied his right to effective assistance of counsel under the sixth amendment to the United States constitution during the course of his criminal trial. The dispositive issue on appeal is whether the habeas court applied the proper standard in reviewing the petitioner's claim of ineffective assistance of counsel.[1]

The facts established at the petitioner's criminal trial and reported in *State* v. *Quintana,* supra, 36–37, are as follows: On March 11, 1986, Robert Chrisman was fatally stabbed on a sidewalk in Waterbury. A lighter and cigarette case belonging to the petitioner and bearing his fingerprints were found near the body. Gregorio Hernandez testified that the petitioner had told him that he, the petitioner, had killed Chrisman in the course of a robbery attempt. On cross-examination, Hernandez denied having any financial interest

---

[1] The petitioner also raised a confrontation claim that is not presently before us. Furthermore, the state argues on appeal: (1) that counsel's conduct at trial did not constitute ineffective assistance of counsel; and (2) that the attorney's conduct did not prejudice the petitioner. Because of our disposition of this case on the issue of the correct standard of review, we need not decide these issues.

in testifying against the petitioner.[2] The petitioner testified in his own behalf at trial, admitting that he had killed Chrisman, but claiming that Chrisman's death was the result of an altercation, not a robbery attempt, and that the petitioner had acted in self-defense.

The petitioner claimed before the habeas court that he had been denied effective assistance of counsel because his trial counsel failed adequately to cross-examine the state's principal witness and to investigate the petitioner's claim of self-defense. Specifically, the petitioner argued that his attorney should have more thoroughly examined Hernandez on the issue of the reward money and any arrangements he might have made with the police in return for testifying against the petitioner in consideration of leniency with respect to a weapons charge that was pending against him. The petitioner also claimed he had told his trial counsel that he had suffered a laceration on his back during the altercation with the victim, but that his trial counsel had failed to photograph the wound or to have a doctor examine it.

The habeas court found that proof of the felony murder charge consisted principally of Hernandez' testimony, that the stabbing had occurred as an incident to a robbery, and that the petitioner's trial counsel had not aggressively cross-examined Hernandez concerning the reward money or his motives for testifying. Furthermore, the habeas court found that the petitioner's trial counsel had not adequately investigated the peti-

---

[2] Testimony at the habeas hearing revealed that Hernandez had received a reward from Crimestoppers, Inc., a private organization that uses a police telephone number, answered by local police officers, to encourage people with information about a crime to come forward. The informant is not identified by name at the time that the incriminating information is provided to the police. Whether a reward will be paid, and in what amount, is not determined until after an arrest has been made or a criminal trial has been concluded.

tioner's alleged injury and claim of self-defense and that such an investigation might have produced evidence that would have seriously undermined the state's case on the felony murder charge. The habeas court concluded that the appropriate standard for examining claims of ineffective assistance of counsel was set forth in *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674, reh. denied, 467 U.S. 1267, 104 S. Ct. 3562, 82 L. Ed. 2d 864 (1984), and that, under the *Strickland* test, the petitioner had demonstrated that he had not been adequately represented. The habeas court therefore granted the petition for a writ of habeas corpus and ordered a new trial. The state appealed to the Appellate Court. We transferred the case to this court pursuant to Practice Book § 4023.

"[W]e have pointed out the guidance afforded by *Strickland* [v. *Washington*] and other decisional law in assessing a claim of ineffective assistance of counsel." *Levine* v. *Manson,* 195 Conn. 636, 649, 490 A.2d 82 (1985). "The right to effective assistance of counsel is guaranteed by the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution." Id., 639. " 'In *Strickland* the Court, while holding that the Sixth Amendment right to counsel is one of "effective assistance" . . . nevertheless imposed a two-component showing before a claim of deprivation of that right may be made: first, it must be shown that the attorney's performance was so deficient and his errors so serious that "counsel was not functioning as . . . 'counsel' " . . . and, second, that those errors functioned so "as to deprive the defendant of a fair trial, a trial whose result is reliable" . . . i.e., that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ' *Gulliver* v. *Dalsheim,* 739 F.2d 104, 107 (2d Cir. 1984),

quoting *Strickland* v. *Washington,* supra, 687, 694. *Strickland* stated not only that '[j]udicial scrutiny of counsel's performance must be highly deferential' but also that the reviewing court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .' " *Levine* v. *Manson,* supra, 640. The burden is thus on the petitioner to demonstrate that counsel's conduct falls below the *Strickland* standard. Id.

As an initial matter, the habeas court found that the petitioner's attorney had not aggressively cross-examined the state's principal witness, Hernandez. Examination of the record reveals, however, that counsel did cross-examine Hernandez about whether he had a financial interest in testifying about the petitioner and that Hernandez replied in the negative. Because Crimestoppers, Inc., pays a reward for information leading to an arrest, as opposed to a conviction, there was at that point no evidence suggesting that Hernandez was *testifying* in order to receive the reward. More fundamentally, however, while the habeas court acknowledged that *Strickland* establishes the appropriate test for deciding claims of ineffective assistance of counsel, the court's conclusions indicate that it did not follow the test set forth in *Strickland.* Specifically, the *Strickland* test states that "the proper standard for attorney performance is that of *reasonably effective assistance.*" (Emphasis added.) *Strickland* v. *Washington,* supra, 687. The habeas court, however, stated in its oral memorandum of decision that the case "should [have been] pursued with the *ultimate of zeal*" and that the petitioner's counsel did not "do the *best* job possible." (Emphasis added.) Thus, the habeas court applied a "best possible assistance" standard rather than the "reasonably effective assistance" standard mandated by *Strickland.* Furthermore, *Strickland* states, "[t]he

proper measure of attorney performance remains simply *reasonableness under prevailing professional norms.*" (Emphasis added.) Id., 688. Thus, *Strickland* requires only reasonably effective assistance as measured by the standards of the bar generally. The habeas court, to the contrary, concluded that the petitioner's attorney "had a lot more talent than he brought to bear" on the case and had not exercised *"his* best efforts." (Emphasis added.) The habeas court, rather than judging the assistance provided by the petitioner's counsel against the prevailing standards of the bar, judged trial counsel's performance against the best he (trial counsel) individually was capable of doing. We conclude that the habeas court applied an incorrect standard in reviewing the petitioner's claim of ineffective assistance of counsel and therefore reverse the judgment.

The judgment is reversed and the case is remanded for a new hearing on the habeas petition.

In this opinion the other justices concurred.