[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly illegal imprisonment resulting from a judgment of conviction against the petitioner for committing sexual assault first degree, in violation of General Statutes 53a-70; sexual assault second degree, in violation of General Statutes 53a-71; and risk of injury to a minor, in violation of General Statutes53-21, for which judgment the petitioner received a total, effective sentence of twenty years incarceration.
These criminal convictions stemmed from allegations that the petitioner, an employee of a business which provided, among other services, day-care for children, sexually assaulted the five year old son of his employer. The judgment was affirmed on appeal, State v. Bonello, 210 Conn. 51 (1989).
In his amended petition, the petitioner contends that his imprisonment is unlawful because the underlying conviction was obtained because his trial counsel, Attorney John Ryan, rendered CT Page 3857 ineffective assistance at the petitioner's criminal trial by inadequately investigating the charges before trial; by failing to present the testimony of beneficial defense witnesses; and by failing adequately to cross-examine and impeach certain prosecution witnesses at trial. The first contention, pertaining to insufficient pretrial investigation, was withdrawn during the habeas hearing.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different, Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v. Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
 I
With respect to the contention that trial counsel failed to call to testify available and helpful defense witnesses, the only such testimony arguably not presented was the testimony of the petitioner himself and testimony concerning a physical examination of the victim performed thirty-three days after the alleged assaults. At the habeas hearing neither party introduced expert testimony regarding any professional standards or norms applicable to the issues put forth in the amended petition, except for Ryan, the trial attorney whose representation is under scrutiny in this case. He testified that he recommended to the petitioner that he exercise his right to decline to testify because, in Ryan's opinion, the petitioner would have made a poor impression as a witness and because Ryan feared that cross-examination of the petitioner would create the opportunity for the prosecution to reveal to the jury several highly damaging pieces of information about the petitioner and his past actions about which the jury CT Page 3858 would otherwise remain ignorant.
Ryan's assessment of the petitioner's probable appearance as a witness was based on several discussions with the petitioner, the petitioner's family, and law students specially assigned by Ryan to assist him in this assessment. Trial counsel and these students conducted mock sessions of the petitioner's testimony, and they concluded that the petitioner would create an unappealing impression on the stand.
Also, the petitioner's past criminal record and actions created problems from the defense viewpoint. The petitioner had been convicted in 1979 on two counts of sexually molesting children while the petitioner was employed at another child-care facility. Additionally, in 1982, the petitioner was again arrested for sexually molesting children while employed at yet another child-care enterprise. These latter charges were eventually nolled.
When the petitioner applied for employment with the victim's mother in the case sub judice, he denied ever having been arrested. He also conspicuously omitted all reference to his previous work experience in three or four child-care related jobs. Instead, he claimed to be self-employed during the same time period. Lastly, Ryan had obtained possession of some of the police reports pertaining to the petitioner's earlier cases. In one instance, the petitioner apparently lied to the Norwalk police regarding having an associate's degree. Ryan feared that, if the petitioner took the stand he might open the door for some or all of the above-mentioned information to be disclosed to the jury as part of impeachment or other grounds. See e.g. State v. Martin, 201 Conn. 74,87 (1986) regarding the admissibility of previous acts of dishonesty.
The exposure of these facts and allegations to the jury would have had a devastating impact on the defense case. By declining to take the stand, the petitioner was able to keep this highly damaging material about his past from the jury. Ryan reasoned that, under the circumstances, the better defense to the charges would be to challenge the reliability and accuracy of the young victim without the petitioner's testimony and the attendant risk of revelation regarding his past actions. Ryan's advice strikes the court as entirely justifiable and prudent.
As to trial counsel's decision not to offer the negative results of the victim's physical examination administered to detect CT Page 3859 signs of abuse, Ryan stated that the nature of the sexual assaults alleged, viz. fellatio and anal penetration with a rectal thermometer, was so unlikely to produce such physical signs so as to render this evidence insignificant. Offering insubstantial evidence to a jury carries with it the possibility of being seen as grasping at straws. Such appearance may taint more cogent claims. Also, by introducing such evidence, presumably through medical testimony, sympathy for the child victim may be engendered for having gone through another after-the-fact procedure and examination. It is likely that the prosecutor would then have been able to cross-examine the medical witness regarding the lack of significance attributable to the absence of physical injury. Finally, such testimony most likely would involve an additional retelling of the victim's version of the assaults in order to explain the nature of the examination.
Judicial scrutiny of counsel's performance must be highly deferential, and the habeas court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance, Quintana v. Warden, 220 Conn. 1, 5 (1991). The court finds that trial counsel's decision not to offer evidence of the results of the physical examination of the victim falls within the "wide range" of acceptable and competent representation. The petitioner has failed to meet his burden of proving that his trial attorney's performance fell below an objective standard of reasonableness.
 II
The petitioner's next contention asserts that trial counsel failed to cross-examine and impeach prosecution witnesses vigorously enough. In his trial brief, the petitioner specifically criticizes the cross-examination of Officer Linda Fedele and the victim's mother. Fedele was a Norwalk police officer who handled investigations of complaints of child sexual abuse for the Norwalk Police Department. She had previously investigated the petitioner with respect to the 1982 allegations and also conducted the investigation into the allegation of the case sub judice.
The gist of the petitioner's criticism, as set forth in the petitioner's trial brief, is that trial counsel ought to have asked these two witnesses about their purported motives to persuade the victim to make unfounded allegations against the petitioner in order to create a reason to fire him to assuage the victim's mother's clients who had learned of the petitioner's past CT Page 3860 convictions for sexually molesting children and were pressuring her to discharge him. The court has reviewed trial counsel's cross-examination of the victim's mother and Fedele and finds that trial counsel's questioning of these two witnesses was thorough, delicate, and deftly handled (Petitioner's Exhibit A, pp. 228 through 242 and pp. 269 through 286).
To have raised by way of cross-examination as to either witness the fact of the petitioner's past history of criminal convictions and allegations of molesting children would have been extremely detrimental to the petitioner. By avoiding that area, trial counsel was able to have the petitioner's fate decided by a jury ignorant of these allegations and convictions which involved similar behavior. As the petitioner concedes in his trial brief "[d]efense counsel was understandably concerned not to bring any of this in front of the jury." Trial counsel was able to raise the specter of undue influence and prompting without hazarding the peril of revelation of the petitioner's previous criminal history with respect to sexual abuse of children. For this feat trial counsel out to be commended not criticized.
The court finds that the petitioner has failed to meet his burden of proving that trial counsel's performance was deficient. On the contrary, the court, having considered all the evidence in the case, concludes that trial counsel's representation of the petitioner was exemplary.
For these reasons, the petition is dismissed.
Sferrazza, J.