[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
On July 14, 1993, the petitioner filed a petition for a writ of habeas corpus alleging ineffectiveness of counsel. A hearing on the petition was held on March 25, 1994.
On August 27, 1992, in the Superior Court, Fairfield Judicial District at Bridgeport, the petitioner entered guilty pleas, under the doctrine of [North Carolina v. Alford], 400 U.S. 25 (1970), to: one count of possession of narcotics with intent to sell by a non-drug-dependent person, in violation of General Statutes §21a-278(b); one count of assault in the first degree, in violation of General Statutes § 53a-59(a)(1); one count of carrying a pistol without a permit, in violation of General Statutes § 29-35(a); and one count of attempted murder in violation of General statutes § 53a-49(a). On October 23, 1992, the petitioner received a total effective sentence on these charges of twelve (12) years, execution suspended after eight (8) years, with three (3) years probation.
At the time he entered his pleas of guilty, and for some months before, the petitioner was represented by special public defender Frank Riccio. The petitioner claims that in conversations Attorney Riccio told him that if he pled guilty, he would be sentenced to a period of incarceration of five years. Based on his attorney's advice and his understanding of the plea arrangement, the petitioner claims he entered pleas of guilty. The second count alleges ineffective assistance based upon Attorney Riccio's claimed failure to advise the petitioner of his rights after sentencing.
At the hearing, the petitioner testified that before he entered his pleas, Attorney Riccio assured him that he would be sentenced to no more than five (5) years. He also testified that had he been aware that he was exposed to more than five (5) years, he would not have agreed to plead guilty, but would have insisted on a trial. Additionally, the petitioner stated he immediately complained to his attorney that the sentence received was different from the plea agreement, and that he was never advised of his post-sentencing rights.
Attorney Riccio testified that he is a criminal defense CT Page 4596 attorney with twenty-six years experience. He claims he specifically informed the petitioner that he had "no chance" at trial, and his investigation revealed that the petitioner was "dead in the water". He advised the petitioner to accept the plea offer of twelve after eight, which would result in the petitioner serving five years, after taking into account certain credits which he could anticipate earning. Attorney Riccio stated that the petitioner understood and agreed. He further testified that the petitioner never complained to him after the plea hearing or after the sentencing hearing.
Also testifying at the habeas hearing was Attorney Barry Butler, a public defender in Bridgeport for seven years. He stated that Attorney Riccio asked him to speak with the petitioner prior to his pleas. Attorney Butler testified that the conversation concerned the plea bargain, counsel's right to argue for less and how much time the petitioner would actually serve; he recalled five years being discussed.
The only other evidence produced at the hearing was a verbatim transcript of the plea hearing before Judge Gormley and a document entitled "Notice of Right To Have Sentence Reviewed", signed by the petitioner immediately following his sentencing.
The issue to be resolved is the credibility of witnesses. The burden of proving ineffectiveness of counsel is upon the petitioner. [Quintana v. Warden], 220 Conn. 1, 5 (1991). In this regard, this court finds that the petitioner has failed to prove by a preponderance of the evidence that he was not adequately advised by Attorney Riccio as to the consequences of his pleas. This court finds the testimony of Attorney Riccio on this subject credible. Attorney Butler's testimony lends additional credence to Attorney Riccio's firm contention that the petitioner was properly assisted.
The transcript of the plea hearing reveals that Judge Gormley thoroughly canvassed the petitioner prior to accepting his pleas. The notice signed by the petitioner concerning his right to sentence review impacts adversely on the petitioner's credibility, particularly with regard to the second count of his complaint.
The petitioner has failed to prove his claims, therefore, the petition is dismissed.
Robert A. Martin, Judge CT Page 4597