[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly illegal imprisonment resulting from a judgment of conviction, after a guilty plea, of escape first degree, in violation of General Statutes § 53a-169(a)(2), for which offense the petitioner received a sentence of one year to serve, execution CT Page 10065 suspended after six months, conditional discharge for one year, consecutive to other sentences.
The petitioner contends that the confinement resulting from the escape conviction is unlawful because his trial counsel, Assistant Public Defender Shawn Tiernan, provided ineffective assistance to the petitioner regarding the petitioner's decision to plead guilty to that charge. Specifically, the petitioner claims that Tiernan failed to advise him that he had a viable defense to the escape charge by virtue of the holding in State v. Lubus,216 Conn. 402 (1990).
On October 18, 1988, April 20, 1989, and July 3, 1990, the petitioner was convicted and sentenced with respect to three separate criminal cases, for which cases the petitioner received an effective seven year, thirty day prison sentence. Sometime in July 1990, the petitioner was placed on supervised home release (SHR), under General Statute § 18-100(e). His approved community residence was an apartment rented by his girlfriend and her mother, which apartment was located at 174 Ashmun Street, New Haven. His girlfriend was his SHR sponsor. Also, as part of this placement, the petitioner was obligated to report biweekly to his SHR supervisor, Eileen O'Neill. The petitioner reported for a few weeks but ceased reporting in early August 1990.
On September 24, 1991, O'Neill requested that an arrest warrant issue for the petitioner, charging him with escape first degree, based on allegations by O'Neill that the petitioner had missed all biweekly appointments with her after August 6, 1991 and had failed to keep her posted as to his whereabouts. Also, all of O'Neill's attempts to locate the petitioner by phone, mail, and a field visit to 174 Ashmun Street proved fruitless. In addition, on August 22, 1991, the petitioner's sponsor indicated to O'Neill that the petitioner had "left town." On August 28, 1991, a friend of the sponsor at 174 Ashmun Street told O'Neill that the petitioner had been absent for days. Finally, on September 6, 1991, the sponsor informed O'Neill that the petitioner had stolen her car three days before, hadn't been seen since the theft, and that her car was recovered in Bridgeport. Several additional attempts by O'Neill to contact the petitioner were unsuccessful.
Eventually, the petitioner was arrested, pursuant to the arrest warrant, and Tiernan was appointed to represent him. On November 13, 1991, the petitioner pleaded guilty to the escape charge and, in accordance with a plea agreement, was sentenced to CT Page 10066 serve one year, execution suspended after six months, conditional discharge for one year, consecutive to his other sentences.
At the time he represented the petitioner, Tiernan was well acquainted with the Lubus decision. His position as a public defender in a busy geographical area caused him to address cases of escape by persons on SHR frequently. Tiernan scrutinized the allegations and evidence against the petitioner, who never denied those allegations. Based on his evaluation of the case against the petitioner, Tiernan concluded that the holding in Lubus afforded no benefit to the petitioner. Tiernan advised the petitioner to accept the plea offer and plead guilty to the charge.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness, Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms, Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from that attorney's perspective at the time of the representation, Id.
The holding in State v. Lubus, supra, applies only to cases where an inmate is accused of escape based solely on a single failure to report, Id, 410. The decision expressly eschewed deciding whether multiple failures to report might constitute escape under General Statutes § 53a-169(a)(2).
Since Lubus was decided, lower court decisions have consistently limited the application of that case to instances of solitary failure to report. In Smith v. Commissioner, Superior Court, J.D. of New Haven, D.N. CV 91 — 318969 (November 1, 1991), the habeas court held that missing eight appointments and leaving the approved residence without notifying the supervising officer was sufficiently distinguishable from the facts of Lubus to CT Page 10067 establish a factual basis justifying a conviction under General Statutes § 53a-169(a)(2).
In Mungo v. Maynard, Superior Court, J.D. of New Haven, D.N. CV 91 — 317002 (January 31, 1992), a habeas court ruled that the failure of an inmate to report for sixteen, consecutive weeks, coupled with unsuccessful attempts to contact the inmate, fell outside the holding of Lubus. Similarly, in Thompson v. Commissioner, Superior Court, J.D. of New Haven, D.N. CV ___ — 321128 (June 17, 1992); 7 C.S.C.R. 819, a habeas court found that an inmate's failures to report on several occasions along with an inability to locate the inmate established an adequate basis to sustain a guilty plea to escape.
The facts available to Tiernan with respect to the escape charge against the petitioner are arguably stronger than those presented in the cases cited above. Not only did the petitioner fail to report approximately fourteen consecutive times, witnesses, including his sponsor, indicated that the petitioner had left the approved residence in New Haven and stolen the sponsor's car. All efforts to contact the petitioner by mail, phone, in person, and through third parties proved unsuccessful. Given this scenario, Tiernan estimated that it was likely that the petitioner would be convicted of escape at trial and would face a significantly higher exposure to prison than the six month consecutive sentence routinely offered by the prosecuting authority in exchange for a guilty plea. Based on this estimation, Tiernan advised the petitioner to accept the plea offer.
Judicial scrutiny of counsel's performance must be "highly deferential," and a habeas court must "indulge a strong presumption" that counsel's performance falls within the "wide range" of reasonable, professional assistance, Quintana v. Warden,220 Conn. 1, 5 (1991). The court holds that the petitioner has failed to meet his burden of proving, by a preponderance of the evidence, that Tiernan's professional judgment and advice were deficient. Tiernan's assessment that Lubus afforded no benefit to the petitioner was justified.
For these reasons, the petition is dismissed.
Sferrazza, J. CT Page 10068