[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after a conditional nolo contendere plea, of illegal possession of cocaine with intent to sell and conspiracy, in violation of General Statutes §§ 21a-278(b) and 53a-48, for which judgment the petitioner received a total, effective sentence of eighteen years incarceration. The petitioner claims his confinement is unlawful because one of his trial lawyers, Attorney Timothy Pothin, rendered ineffective assistance in connection with that plea of nolo contendere. Specifically, the plaintiff asserts, in his amended petition, that Pothin improperly advised the petitioner that "any sentence eventually imposed would be reduced incrementally in direct proportion to the fee paid to [Pothin] by the petitioner;" and in that Pothin also misadvised the petitioner that his plea of nolo contendere would be overturned on direct appeal. An additional claim involving a due process violation was withdrawn previously.
The petitioner's judgment of conviction was affirmed on appeal, State v. Dixon, 25 Conn. App. 3 (1991).
The court finds the following background facts. The charges underlying the judgment of conviction arose from the results of various searches and seizures, with and without warrants, which implicated the petitioner, in conjunction with others, in the CT Page 12758 possession of about seven pounds of cocaine with intent to sell. Pothin, an experienced and highly qualified criminal trial lawyer, was referred to the petitioner by a friend or relative, and, shortly after the petitioner's arrest, Pothin was retained to represent the petitioner. Pothin met with the petitioner several times regarding his case.
Eventually, the prosecutor offered to recommend, in exchange for a guilty plea, a fifteen year sentence with the petitioner retaining his right to argue for a lesser sentence. This type of recommendation is colloquially known as a sentencing "cap. " Pothin discussed this offer with the petitioner on several occasions, and the petitioner ultimately rejected the offer. The petitioner hired an additional lawyer Attorney Onorato, in the hope that Onorato might wrangle a better offer from the prosecutor.
This hope never materialized except to the extent that the court, Damiani, J., indicated a willingness to reduce the fifteen year cap by one year for each $10,000 in fines the petitioner was willing to pay down to a minimum ten year sentence. This judicial indication was reduced to writing by Onorato for the benefit of the petitioner (Petitioner's Exhibit E-2). This written explanation also contained other possible sentencing scenarios which were outside of the judicially indicated disposition. All scenarios were thoroughly discussed with the petitioner by Pothin and Onorato. Again, the petitioner rejected these possible dispositions.
Pothin felt that the petitioner had viable search and seizure issues to raise, and he filed a motion to suppress introduction of the seized items. A lengthy evidentiary hearing was held, and Pothin submitted a thirty-three page brief in support of the motion. The trial court, Gormley, J., denied the motion to suppress. As a result of this denial, Pothin advised the petitioner to forego a full trial and instead enter a conditional nolo contendere plea, under General Statutes § 54-94a, thereby preserving the petitioner's right to raise the search and seizure issues on appeal, while still receiving possible leniency by the sentencing authority. The petitioner agreed to this procedure.
On December 4, 1989, the trial court, Damiani, J., carefully canvassed and accepted the petitioner's conditional plea (Petitioner's Exhibit A). Sentencing was originally set for January 26, 1990. In the interim, however, the petitioner moved to fire Pothin, and the trial court also construed this motion to be CT Page 12759 a motion for withdrawal of plea. On March 2, 1990, the court, Damiani, J., allowed Pothin to withdraw, appointed a special defender, Attorney Thomas Conroy, to represent the petitioner, but denied withdrawal of the nolo contendere plea (Petitioner's Exhibit B). On March 16, 1990, Damiani sentenced the petitioner as indicated above (Petitioner's Exhibit C).
 I
Pothin testified at the habeas hearing that he never advised or told the petitioner that the petitioner would serve lesser jail time if he paid greater attorney's fees. Pothin stated that he and Onorato made abundantly clear that the $10,000 increments were proposed court fines. The petitioner also testified at the habeas hearing. His testimony falls short of contradicting Pothin's, but rather the petitioner portrays himself as being ignorant as to whom such payments were to be made. The court finds the testimony of Pothin to be both credible and accurate and corroborated by Onorato's written explanation (Petitioner's Exhibit E-2).
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims; Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As noted above, the burden of proof in a habeas corpus matter is on the petitioner, and the standard of proof is a preponderance of the evidence, Quintana v. Warden, 220 Conn. 1, 5 (1991); Paulsenv. Manson, 193 Conn. 333, 337 (1984). The court holds that the petitioner has failed to meet his burden of proving that Pothin advised him that his sentence would be lessened by the payment of additional attorney's fees. It is clear to the court that the reference to the $10,000 increments by Pothin referred to the fine payments and not legal fees.
 II.
As to the remaining ground, viz. that Pothin guaranteed to the petitioner victory on direct appeal, the court also finds that the petitioner has failed to meet his burden of proof. Pothin testified that, while he advised the petitioner that he believed CT Page 12760 the petitioner's illegal search and seizure argument had merit, he never assured the petitioner that the claim would definitely succeed on appeal. Despite the petitioner's averments to the contrary, the court believes Pothin's recollection of events on this point. Consequently, the petitioner has failed to establish his contention that he entered the conditional nolo contendere plea based on Pothin's ill-advised guarantee of vindication on appeal.
For these reasons, the petition is dismissed.
Sferrazza, J.