[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly illegal confinement resulting from a judgment of conviction, after a jury trial, of possession of narcotics with intent to sell by a non-drug dependent person in violation of General Statutes § 21a-278(b), and possession of a controlled substance with intent to sell by a non-drug dependent person in violation of General Statutes § 21a-277(b). The petitioner was sentenced, in absentia, to a term of thirteen years on the first count, and a term of seven years concurrent on the second count.
The petitioner filed two habeas corpus petitions which were consolidated and tried to this court on November 18, 1994. The claims raised are ineffective assistance of trial counsel and, in the alternative, "factual innocence". The claim of ineffective assistance involves counsel's alleged failure to conduct CT Page 2724 an adequate pretrial investigation of Earl Noble's knowledge of the incident in question, and counsel's failure to call Mr. Noble as a witness. The petitioner's claim that he is "factually innocent" is based on the testimony of Mr. Noble at the habeas trial.
Connecticut has adopted the two-pronged Strickland test for evaluating ineffective assistance claims. Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms. Id. The habeas court must make every effort to eliminate the distorting effects of hindsight and to reconstruct the circumstances surrounding counsel's conduct from the attorney's perspective at the time of the representation. Id.
At the habeas trial Earl Noble testified: that he was the owner of an automotive repair business in New Haven; that on April 5, 1989, Noble was at his shop working under a vehicle, when a neighborhood teenager, co-defendant Andrew Fowlin, came into his garage; that Mr. Fowlin often hung out at Mr. Noble's garage and was a suspected drug dealer; that Mr. Fowlin was carrying a black leather bag, and they visited for approximately one-half hour before the commotion of police presence interrupted them; that Mr. Noble first saw the petitioner, who he knew from the neighborhood, at the scene when he was chased into the garage area by the police; that the police then ordered Mr. Noble out from under the car and obtained permission to search the shop; that the petitioner at this time was standing by the door, with another officer, near the black leather bag; that a search of the bag revealed cocaine, marijuana and $5,665.00; that Mr. Fowlin and the petitioner were subsequently arrested; that following the arrest, Mr. Noble was never notified of the trial date which was conducted in November, 1989; that at the time of the trial he was in Florida visiting his mother; that at some point between the arrest and the trial, Mr. Fowlin's attorneys came to see him, CT Page 2725 but that he never had any contact with the petitioner's representatives; that he was not threatened by either Mr. Fowlin or the petitioner; and, that had he been asked, he would have testified at the trial.
At the habeas trial, the petitioner's attorney, Brian Carlow testified; that his investigator interviewed Mr. Noble by telephone; that Mr. Noble stated to the public defender's investigator that at the time of the arrest he was in his shop working under a car; that he did not notice when Mr. Fowlin or the petitioner arrived; that he first noticed Mr. Fowlin and the petitioner when the police arrived; that he did not know who brought the black bag into his garage because he was beneath a car; that based on the telephone interview, Attorney Carlow concluded that Mr. Noble was not a helpful witness; that none-the-less, Attorney Carlow issued a subpoena for Mr. Noble as a safeguard; that the subpoena was improperly served; that on the last day of trial, the petitioner failed to appear; and that the petitioner was not present for the verdict or his subsequent sentencing.
At the habeas trial the petitioner testified: that he arrived at Mr. Noble's garage driving a white rental car; that he went to that location to purchase two ounces of cocaine for a friend from Mr. Fowlin's cousin; that while he was there, the police appeared; that he had no black leather bag with him; that Mr. Fowlin had a black leather bag; that he told Attorney Carlow the black bag belonged to Mr. Fowlin, not the petitioner; that he told Attorney Carlow to speak with Mr. Noble about the ownership of the black bag; and, that Attorney Carlow told the petitioner that the prosecutors talked with Mr. Noble about the black bag and Mr. Noble said he knew nothing about it.
At the habeas hearing neither party introduced expert testimony regarding any professional standards or norms applicable to the issues put forth in the consolidated petitions, except for Attorney Carlow, the trial attorney whose representation is under scrutiny in this case. Judicial scrutiny of counsel's performance must be highly deferential, and the habeas court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. Quintana v. Warden, 220 Conn. 1, 5 (1991)[.] The court finds that trial counsel's pretrial investigation of Mr. Noble's knowledge of the incident, and his failure to call Mr. Noble as a witness regarding the ownership of the black leather CT Page 2726 bag falls within the "wide range" of acceptable and competent representation. The petitioner has failed to meet his burden of proving that Attorney Carlow's performance fell below an objective standard of reasonableness.
The petitioner's second claim contends that he has demonstrated his factual innocence by virtue of Mr. Noble's testimony at the habeas hearing. Recently, our Supreme Court held that "habeas corpus permits the granting of a new trial pursuant to a petitioner's claim of actual innocence, unadorned by an antecedent showing of a constitutional violation that affected the fairness of his criminal trial." Summerville v. Warden,229 Conn. 397, 421 (1994).
In support of his claim the petitioner has offered a recent, and typically well-reasoned, opinion by Judge Sferrazza. InWilliams v. Warden, 9 CSCR 1073 (October 17, 1994), Judge Sferrazza analyzed the various potential standards of proof required to establish "factual innocence", as articulated by theSummerville court. He adopted the legal standard set forth by Justice White in his concurring opinion in Herrera v. Colins, ___ U.S. ___, 1135 S.Ct. 853 (1993). That standard requires a habeas petitioner to show that based on proffered newly discovered evidence and the entire record before the jury that convicted him, no rational trier of fact could find proof of guilt beyond a reasonable doubt. (quotation marks omitted) (citation omitted)Williams v. Warden, supra.
Applying this legal standard to the present case, the petitioner's proffered evidence falls short of his burden. Mr. Noble's testimony at the habeas trial was contradicted by both Attorney Carlow and the petitioner. Attorney Carlow testified that Mr. Noble told his investigator that he knew nothing about the black bag because he was working under a car. The petitioner testified that Attorney Carlow advised him that Mr. Noble told the prosecutors that he knew nothing about the black bag. Even if Mr. Noble's habeas testimony were to be believed, there was other evidence offered at the criminal trial connecting the petitioner to the black bag.
The respondent correctly argues that Officer Raucci testified that he had seen the black leather bag in the petitioner's possession previously. He further testified that he observed the petitioner make a shovelling motion with the black bag toward Mr. Fowlin when being chased. Additionally, Mr. Fowlin CT Page 2727 testified that the bag, drugs and money belonged to the petitioner. Also, the court instructed that one may exercise dominion and control over something even if not physically holding it, and that possession may be personal to more than one individual at any given time. This court concludes that a rational trier of fact could find proof of the petitioner's guilt beyond a reasonable doubt.
For the reasons stated herein, the petition is dismissed.
Martin, J.