[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from pleas of guilty on September 20, 1993, under the Alford Doctrine, to three counts of burglary in the third degree, and an admission of a violation of probation.
The petitioner was sentenced to a total effective sentence of ten years, execution suspended after seven years, with a five year probationary period. No appeal was filed, and his application for sentence review was denied.
A hearing was held on April 11, 1995, and testimony was presented by Attorney Ramond Canning, the petitioner's attorney at the time of plea and sentencing. The petitioner also testified.
The sole ground advanced by the petitioner at the habeas hearing, to justify the relief sought, is that his attorney rendered ineffective assistance to him.
The testimony revealed that the petitioner had an argument with his court appointed public defender. As a result of this disagreement, he asked for and was granted his new counsel Attorney Canning. After Attorney Canning was appointed, three additional warrants were served upon him so that now there were pending approximately twenty-one charges against him.
The petitioner claims that he spoke with Attorney Canning for about five to ten minutes and that he was promised a drug program in exchange for his guilty plea. He also testified that he was not advised as to the nature of the charges, the law relating to the charges, trial tactics and any defenses which would be available.
Attorney Canning testified that prior to his appointment as the attorney for the petitioner, he sat in on an intake interview with the petitioner and his prior attorney, Pamala J. Favreau, where the charges were reviewed. A few days later, an investigator was dispatched to speak with the petitioner and, based on all of the information, Attorney Canning testified that it would not be in the petitioner's best interest to go to trial.
Finally, he testified that he never promised the petitioner that he would receive dry treatment in exchange for a guilty plea, and that he did discuss with the petitioner the possible consequences of his plea. CT Page 8537
A pre-sentence investigation was ordered, after a detailed canvas by the judge, which includes the maximum sentences which could be imposed.
The burden is on the petitioner to demonstrate that his attorney's representation fell below an objective standard of prevailing professional norms. Quintana v. Warden, 220 Conn. 1, 5
(1991); Strickland v. Washington, 466 U.S. 668 (1981). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Ibid. The second prong required here is a showing that there is a reasonable probability that, but for the counsel's errors, he would not have enter guilty pleas and would have insisted on going to trial.
There is nothing on the record nor at the hearing that suggests to this court, by a preponderance of the evidence, that his counsel's representation fell below that of a reasonably competent attorney in the manner alleged and, therefore, the petitioner has not satisfied the first test of the Strickland
analysis.
There is also no showing on the record that convinces this court that the petitioner was prepared to go to trial but for the "representations" made to him by his attorney.
For the above reasons, the petition for habeas corpus relief is denied.
Mihalakos, J.