[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner, Stanley Goodrum, filed an amended petition for Writ of Habeas Corpus dated July 26, 1996. On August 1, 1996 the Respondent filed his Return. The Petitioner was charged with the Offenses of Possession with Intent to Sell Narcotics by a Non Drug Dependent Person in violation of Connecticut General Statute § 21a-278 (b), Possession of Marijuana in violation of Connecticut General Statute § 21a-279 (c) and Conspiracy to Sell Narcotics by a Non Drug Dependent Person in violation of Connecticut General Statutes §§ 21a-278 (b) and 53a-48 (a). On March 18, 1993 the Petitioner plead guilty to Possession of Marijuana and received a one year sentence of incarceration. On March 23, 1993 a jury found the Petitioner guilty of Possession with Intent to Sell Narcotics by a Non Drug Dependent person and Conspiracy to Sell Narcotics by a Non Drug Dependent person. On each of these charges the Petitioner was subsequently sentenced to twenty-five years incarceration execution suspended after eighteen years with five years probation. All of the above sentences were concurrent to each other and concurrent with five Violation of Probation sentences of seven years each which resulted from his guilty plea to the Possession of Marijuana charge. Subsequently the Connecticut Appellate Court reversed the Petitioner's conviction on the charge of Conspiracy to Sell Narcotics by a Non Drug Dependent Person. See 39 Conn. App. 526(1995).
In his petition the Petitioner alleges his trial counsel, Joseph Belinkie was ineffective as his attorney for the following reasons:
a. Atty. Belinkie failed to adequately investigate whether the New Haven Police Department had taken fingerprints from the seized bag of drugs that Mr. Goodrum allegedly had in his possession;
b. Atty. Belinkie failed in the course of his cross examination of Det. Trochio of the New Haven Police Department to inquire whether fingerprints were taken from the bag that contained the drugs of which the Petitioner was convicted of possessing;
c. Atty. Belinkie, in the course of his cross examination of Det. Trochio, opened the door for the detective to make a connection between an unidentified brown paper bag seen with the Petitioner and the McDonald's brown paper bag seen with the Petitioner and the McDonald's brown paper bag in which the drugs were found, a connection the detective and the assistant state's attorney had not made in the course of the state's case-in-chief;
d. Atty. Belinkie failed in the course of his closing argument to the jury to point this out, especially in light of CT Page 10005 the facts of this case where the bag of drugs in question was never found in the Petitioner's actual possession;
e. Atty. Belinkie failed to file any Requests to Charge as provided for Practice Book § 852;
f. With respect to the state's request for a Secondino
charge, Atty. Belinkie, as noted by the Appellate Court, did not object as required by § 852 immediately after the charge was delivered. This matter involved Atty. Belinkie's failure to call the Petitioner's son as a witness who could have testified that the Petitioner visited his apartment as opposed to the apartment where the drugs were found. Atty. Belinkie, not the state, raised the issue that the Petitioner could have gone to his son's apartment and did not call him as a witness;
g. With respect to the state's request for a consciousness of guilt charge, Atty. Belinkie, as noted by the Appellate Court, did not object as required by § 852 after the charge was delivered. Appellate counsel was unable to argue to the court that the charge was incorrect because of Atty. Belinkie's failure to preserve it for appellate review;
h. Because Atty. Belinkie failed to submit Requests to Charge, the trial court was not obligated to charge the jury that according to State v. Alfonso, supra, if the Petitioner was not in exclusive possession of the premises where the drugs were found, that there must be additional incriminating statements or circumstances to support the inference that the Petitioner possessed the drugs found in his brother's apartment. The Appellate Court noted that Atty. Belinkie did not request this charge. The record is clear that Atty. Belinkie, pursuant to § 852 did not object to the trial court's charge on possession and constructive possession;
i. Because Atty. Belinkie did not, pursuant to Practice Book §§ 288 and 4185, state the grounds for his objection to the state introducing evidence of marijuana where there was no marijuana charge before the jury, the Appellate Court declined to review the claim on appeal. Prior to the start of evidence, Mr. Goodrum pled guilty to possession of marijuana. The state then introduced the marijuana as prior misconduct evidence. During the argument over the admissibility of the marijuana, Atty. Belinkie objected but did not state the grounds; CT Page 10006
j. Attorney Belinkie failed to introduce evidence of the Petitioner's drug dependency;
k. Attorney Belinkie advised the Petitioner to plead guilty to the crime of Possession of Marijuana and then said conviction was introduced in his trial as evidence of prior misconduct which was objected to by said attorney but for which he gave no reason. The Petitioner claims this plea was involuntary on his part;
l. Attorney Belinkie represented the Petitioner and codefendant until the trial judge found said representation to be a conflict of interest for said attorney at which time said judge appointed other counsel for the codefendant; and
m. Attorney Belinkie failed to motion the trial court to conduct a Frank's hearing concerning the affidavit in support of a search warrant relative to the Petitioner's arrest.
The Petitioner testified that he plead guilty to the charge of Possession of Marijuana on the advice of his Attorney Joseph Belinkie. Attorney Belinkie is now deceased. He stated Attorney Belinkie told him that his plea of guilty would not be used against him in his trial and in fact it was. However, the judge who took his plea advised the Petitioner that this could happen during the plea canvass and he said he understood. (Exhibit A page 16).
The Petitioner stated that he discussed his drug dependency with his attorney and asked him why he was charged as a non drug dependent person. He stated Attorney Belinkie told him not to worry about it and that since there was no longer a Home Release Program that his drug dependency did not matter. The Petitioner testified that he had used drugs for over thirty years and had been in two drug programs in the late 1960's in New Jersey including an inpatient methadone program. He stated at the time of his trial he was using $100.00 a day for marijuana and some cocaine. Dr. Arthur Evans Jr., a clinical psychologist testified on behalf of the Petitioner. He stated he reviewed the Petitioner's past records relative to drugs and evaluated him as to drug dependence on October 24, 1996. He stated that drug dependency does not mean a person is using drugs at the time he is evaluated. He testified the Petitioner started using marijuana at age fifteen or sixteen and has used drugs continuously since including cocaine and heroin. He stated when the Petitioner used other drugs the amount of marijuana he used decreased and when he CT Page 10007 stopped using other drugs the amount of said marijuana he used would increase. He stated that once a person is dependent on drugs he or she is dependent on them for life. He testified that the Petitioner told him he was using cocaine primarily in January 1992. Dr. Evans stated there was a strong likelihood he was dependent on cocaine in January 1992 or thereabout. Doctor Evans stated that cocaine dependence was primarily psychological but that it could be physical. The Petitioner testified that he assumed his attorney would put on evidence of his drug dependency. He stated he had no discussions with his attorney about evidence of drug dependency being damaging in a "sale" case.
The Petitioner did not testify during his trial but his codefendant Ruth Ford did testify for him. When she was called to testify she was also represented by Attorney Belinkie. The Petitioner claims this was a conflict of interest and the trial judge apparently agreed because he appointed a special public defender to represent her, concerning to her testimony in the Petitioner's trial. Ruth Ford had lived with the Petitioner for twelve years prior to his trial. She was a school teacher. She testified in this hearing that she never talked to Attorney Belinkie but that she was present when he had talked to the Petitioner. She testified Attorney Belinkie represented both of them. She testified she did not discuss anything with Attorney Belinkie prior to the time when the court appointed an attorney to represent her. She stated that her court-appointed attorney advised her not to testify in the Petitioner's case. She also stated that the trial judge in the Petitioner's case advised her as to her fifth amendment rights relative to testifying in the case. However, she stated she did testify for the Petitioner in his trial. Ms. Ford testified her criminal case was nolled in July 1993. In this matter there was no evidence of an actual conflict in Attorney Belinkie representing both the Petitioner and Ruth Ford which adversely affected his representation of the Petitioner.
Attorney James Streeto testified during this hearing for the Petitioner. Attorney Streeto has been a member of the bar since 1987 and specializes in Appellate Practice. He represented the Petitioner in his appeal and in his motion for certification to the Supreme Court. He testified that when he takes an appeal he reads the trial transcript, reviews the file, reviews the exhibits, meets with the client and talks to the trial attorney. However, in this case he stated he never got around to talking CT Page 10008 with Attorney Belinkie. Attorney Streeto testified that this case was a weak case relative to the defendant. He stated he raised six issues on appeal. Two issues on appeal concerned the sufficiency of the evidence, two concerned the Secondino charge and the Consciousness of Guilty charge given to the jury, the fifth issue concerned the failure to instruct the jury on anAlfonso charge (see 195 Conn. 624) and the sixth issue concerned the admission of the Petitioner plea of guilty to Possession of Marijuana as a prior act of misconduct.
Attorney Streeto testified that jury instructions are always a fertile ground for appeals. However in this matter Attorney Belinkie never filed any "Requests to Charge" with the court prior to instructions being given to the jury. Attorney Streeto testified that Attorney Belinkie did not properly preserve any issue for appeal including the issue of the court giving theSecondino charge and the Consciousness of Guilty charge. He stated when an appealable issue is not properly preserved by the trial counsel then the Appellate Court does not have to review said issue. The court can review such an issue in its discretion or if there is plain error or if there is a constitutional issue that meets the criteria set forth in State v. Golding, 213 Conn. 232,239, 240 (1989). In this matter the Appellate Court refused to review the issue of the Consciousness of Guilt and Secondino
charges being given and the issue of whether the trial court improperly allowed into evidence the marijuana seized at the Petitioner's residence because it constituted prior misconduct evidence. The Appellate Court held the aforementioned issues were not reviewable because they were not properly preserved. In this court's opinion if any or all of these issues were reviewed by the Appellate Court it still would not have resulted in a reversal of the charge of Possession with Intent to Sell Narcotics by a Non Drug Dependent Person.
Attorney Streeto testified that he did not raise the Conflict of Interest issue on appeal because there was no record to support it. He did state that Ruth Ford's testimony was very favorable to the Petitioner. As this court previously stated the conflict of interest found by the trial judge did not in any manner prejudice the Petitioner or cause him to have an unfair trial.
Attorney Streeto testified that if Attorney Belinkie had requested an Alfonso charge and it was not given then it would have resulted in a reversal of the Petitioner's conviction. The CT Page 10009 Appellate Court reviewed the ALFONSO case relative to this case. It ill found that abundant circumstantial evidence tied the defendant to the narcotics found in apartment 1A, State v.Goodrum, 39 Conn. App. 526, 536 (1995).
The Petitioner also alleges that his plea to Possession of Marijuana on March 18, 1993 was involuntary. There is no evidence introduced during this hearing that would substantiate that claim.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992); Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170,174, 628 A.2d 32 (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. . . . The petitioner must thus show that counsel's representation fell bellow an objective standard of reasonableness considering all of the circumstances. . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.' (Citations omitted; internal quotation marks omitted.) Siano v. Warden, supra; Hull v. Warden, supra; Copas v.Warden, supra, 683-84."
"To satisfy the second prong, that his counsel's deficient performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable. . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal. . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a CT Page 10010 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert. denied, 227 Conn. 924, 632 A.2d 701 (1993); Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 702 (1995).
"Strickland stated not only that `[j]udicial scrutiny ofcounsel's performance must be highly deferential' but also thatthe reviewing court `must indulge a strong presumption thatcounsel's conduct falls within the wide range of reasonableprofessional assistance. . . .'" Levine v. Manson, supra, 640.The burden is thus on the petitioner to demonstrate thatcounsel's conduct falls below the Strickland standard. Id.Quintana v. Warden, 220 Conn. 1, 5 (1991).
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations in his Amended Petition dated July 26, 1996. He has not proved that his counsel's representation of him was deficient. Further he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the Petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge