[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 166-N
This action is a petition requesting habeas corpus relief from a judgment of conviction, after a jury trial, of one count of possession of narcotics with intent to sell in violation of Connecticut General Statutes § 21a-277a.
The petitioner was sentenced to fifteen years incarceration and fined $50,000
The sole ground advanced by the petitioner at the habeas hearing to justify the relief sought, is that his trial attorney, Timothy Aspinwall, rendered ineffective assistance at the jury trial by failing to call vital witnesses at the time of trial. This failure, the petitioner states, fell below the standard of reasonable competence and that it was reasonably possible that, but for this inaction by his counsel, it is reasonably probable that a different result would have been reached.
The petitioner testified that four of the witnesses would have corroborated his testimony that the narcotics did not belong to him. The petitioner's testimony as to the exact addresses and the willingness of the witnesses to testify left much to be desired. CT Page 166-O
This testimony was directly challenged by Attorney Aspinwall. He testified that he could not recall the petitioner giving him any names and, in fact, was told that he would see that they appeared to testify.
From the evidence presented at the hearing, the court is satisfied that Attorney Aspinwall did all that he could with the marginal information given to him. The burden is upon the petitioner to demonstrate that his attorney's representation fell far below the objective standard of prevailing professional norms. Quintana v. Warden, 220 Conn. 1, 5 (1991). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. Ibid.
The second prong required here is a showing that there is a reasonable probability that, but for the counsel's error, he would have prevailed at trial. Levine v. Manson, 195 Conn. 636,640 (1985).
The court feels that the petitioner has failed to demonstrate that the people who he claims were witnesses, did in fact exist, and even if they did, there was no evidence to prove, by affidavit or otherwise, that they would have testified as he CT Page 166-P claims.
For the above reasons, the petition for habeas corpus relief is denied.
Mihalakos, J.