[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The matter comes before the court on a petition for habeas corpus, alleging ineffective assistance of counsel. The thrust of the petition is that the petitioner's public defender (Bruckman) waived petitioner's rights to a hearing in probable cause without adequate explanation.
At the habeas trial, Bruckman testified that it was not his usual practice to request a hearing in probable cause because of the possibility that the witnesses would not later be available thereby avoiding the perpetuation of testimony. The petitioner further claims that he was given misleading information by Attorney Matthew Maddux, who was hired by the petitioner's parents to represent their son in lieu of Attorney Bruckman. The petitioner further claims that he failed to conduct any investigation, did not hire anyone to interview witnesses or to review the crime scene. Finally, it is alleged that Attorney Maddox failed to utilize any defense of diminished capacity although he was aware of petitioner's use of substantial quantities of alcohol and narcotics on the evening of the shooting.
At the habeas trial, petitioner testified that he was never told of the possibility of a manslaughter plea. Further, that his lawyer never requested any evaluation be done for the presentence investigation. Further, that he advised his lawyer about the criminal record of the witnesses who testified against him and no CT Page 6053 attempt to try to impeach their credibility as a possible trial tactic was ever mentioned to him. The petitioner was eighteen years of age when arrested and nineteen when sentenced.
Lizzi Hines, the petitioner's mother, testified that she was in court when her son waived his right to a probable cause hearing. She corroborated her son's testimony that the possible plea of manslaughter was never discussed and that no investigator ever spoke with her.
The first witness called by the defense was Attorney Joseph Bruckman who testified by way of background that he graduated from law school in 1981, was associated with the New Haven law firm of Williams and Wiese, and had appeared as defense counsel in hundreds of criminal cases. He was, at the time of the habeas trial, the chief public defender for the Stamford-Norwalk judicial district. He presented to the court very impressive academic and professional credentials.
He testified that he first met with petitioner on October 6, 1992, and then met with him again on October 8, 1992, at which time he explained to petitioner the nature of a probable cause hearing. A probable cause hearing was scheduled for October 28, 1992, and he read the affidavits in preparation for the hearing. He advised against the probable cause hearing because of the reasons previously mentioned in this memorandum. He further read to his client all of the statements made by witnesses.
Attorney Matthew Maddox testified that he had been a practicing attorney since 1990, and that because of limited resources he did most of the investigative work himself. He further testified that he told his client that if he plead guilty he would receive a cap of forty years with a possibility of thirty-five years, further, that if he opted for a trial, the possibility existed for the imposition of a sixty year term.
On November 16, 1992, the petitioner plead guilty to one count of murder in violation of Connecticut General Statutes § 53a-54a(a). He was fully canvassed and subsequently sentenced to forty years.
Strickland v. Washington, 466 U.S. 668 (1984) sets the standard for determining the validity of an ineffective assistance of counsel claim. The two-pronged test requires a showing that counsel's representation falls below an objective CT Page 6054 standard of reasonableness and that counsel's deficient representation prejudiced the defense.
The court concludes that petitioner has satisfied neither component.
The petitioner did not offer any testimony regarding applicable professional standards. The burden is on the petitioner to demonstrate that his attorney's decision not to have a show cause hearing fell below an objective standard of reasonableness as measured by prevailing professional norms.Quintana v. Warden, 220 Conn. 1 (1991). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. Id.
As to the second, or prejudice component of the Strickland
analysis, the petitioner must show that there exists a reasonable possibility that, but for Attorney Bruckman's decision to waive a probable cause hearing, the result of the proceeding would have been different. See Levine v. Manson, 195 Conn. 636, 640 (1985);Hill v. Lockhart, 474 U.S. 52 (1985).
The entire record, including the statements and affidavits by witnesses, rebels against the notion that a jury would have reached a different conclusion even if it were to find that the petitioner was drunk at the time of the shooting. The defendant's claim of intoxication was proffered to the sentencing judge, still the court imposed a forty year sentence.
For the reasons given, the petition is denied.
Mihalakos, J.