[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from a judgment of conviction after a jury trial, of robbery in the first degree in violation of Connecticut General Statutes §53a-134 and assault in the first degree in violation of Connecticut General Statutes § 53a-59.
The sole ground advanced by the petitioner at the habeas hearing to justify the relief sought, is that his trial attorney, Public Defender David Abbamonte, rendered ineffective assistance of counsel in failing to properly advise him prior to electing a jury trial.
The petitioner was sentenced to a term of imprisonment of twenty years suspended after fifteen years, five years probation on each charge and the sentences to run concurrently.
The petitioner appealed his conviction to the Connecticut Appellate Court which conviction was confirmed, State ofCT Page 5932Connecticut v. Cosby, 44 Conn. App. 26 (1996).
At the habeas hearing, Attorney Abbamonte testified that the petitioner wanted him to call his mother, sister and girlfriend as witnesses. None of these witnesses were called to testify at trial. The petitioner further testified that there were at least twenty other witnesses which were never called and that his attorney failed to conduct an adequate investigation to seek out the witnesses. At the habeas trial, the mother testified that she was with the petitioner and could have offered an alibi.
Further, the petitioner claims that his then girlfriend, Jeanelle De Jesus, should have been called because he was with her when the robbery occurred and she would have so testified.
Attorney Abbamonte testified that his investigators tried to locate the 15 or 20 men located outside the robbery scene, but were unsuccessful in getting any of them to testify. He further testified that he tried to get the petitioner's mother to testify but that she would not take the stand.
Attorney Abbamonte testified that he believed that the petitioner's mother spoke for herself, the girlfriend and the petitioner's sister and concluded that since she would not take the stand he would not call the other witnesses.
The burden is upon the petitioner to demonstrate that his attorney's representation fell below an objective standard of prevailing professional norms. Quintana v. Strickland,220 Conn. 1, 5 (1991); Strickland v. Washington, 466 U.S. 668 (1981). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. lbid.
There is nothing in the record nor at the hearing to suggest to this court, by a preponderance of the evidence, that his counsel's representation fell below that of a reasonably competent attorney in the manner alleged and, therefore, has not satisfied the first test of the Strickland analogy.
For the above reasons, the petition for habeas corpus is denied.
Mihalakos, J. CT Page 5933