[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from a judgment conviction, after a jury trial of:
 a. Possession of Marijuana with Intent to Sell in violation of § 21a-277 (b), Connecticut General Statutes;
 b. Failure to Appear in violation of § 53a-172 (a), Connecticut General Statutes;
 c. Possession of Narcotics with Intent to Sell in violation of § 21a-278 (b), Connecticut General Statutes;
 d. Failure to Appear in violation of § 53a-172 (a), Connecticut General Statutes.
On May 13, 1994, the petitioner was sentenced by Judge Devlin to consecutive sentences on the above charges for a total of 17 years. In addition, the petitioner received a further consecutive sentence of three years for violation of § 53a-40b(not before the jury) to which petitioner pleaded nolo contendere.
In his petition, the petitioner claims that his attorney, CT Page 7370 Timothy F. Aspinwall, rendered ineffective assistance of counsel in that:
(1) Aspinwall only met with him once prior to trial;
 (2) Aspinwall did not discuss the jury trials with him, did not discuss defenses, witnesses, did not conduct any pretrial investigation and did not advise him as to whether or not he should testify on his own behalf,
 (3) He permitted testimony of irrelevant, immaterial and incompetent evidence without properly objecting.
At the habeas trial, the petitioner testified that Aspinwall never discussed any plea bargain with him and that he testified at trial without being properly advised and only testified because of the insistence of his counsel.
He further told Aspinwall that the money found on him by the police came from his mother and that his mother was never called as a witness to corroborate the statement.
Further, his brother and girlfriend were never called as witnesses.
At the habeas trial, the petitioner's mother testified that she did indeed give her son money.
At the habeas trial, Aspinwall refuted all of the allegations of the petitioner. He stated that he discussed all of the cases with the petitioner, spoke with him during jury selection and during the trial, discussed with petitioner all possible defenses and witnesses which may be called. Further, he went to the scene and spoke directly with all of the witnesses and spoke with petitioner as to the advisability of taking the stand. The decision to take the stand was entirely made by the petitioner, according to Aspinwall.
Finally, he testified that he encouraged his client to "cop" a plea because of the evidence against him. The court has thoroughly reviewed all of the claims made by the petitioner in his Amended Petition and has read the post-trial briefs of both counsel at the habeas trial.
The burden is upon the petitioner to demonstrate that his CT Page 7371 attorney's representation fell below an objective standard of prevailing professional norms. Quintana v. Warden 220 Conn. 1, 5
(1991); Strickland v. Washington, 466 U.S. 668 (1981). Judicial scrutiny of counsel's performance must be highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Ibid.
There is nothing on the record nor at the hearing to suggest to this court, by a preponderance of the evidence, that his counsel's representation fell below that of a reasonably competent attorney in the manner alleged and, therefore, the petitioner has not satisfied the first test of the Strickland
analysis.
For the above reasons, the habeas corpus relief is denied.
Mihalakos, J.