[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a petition requesting habeas corpus relief from allegedly unlawful imprisonment resulting from a judgment of conviction, on August 31, 1981, after a guilty plea to murder, in violation of General Statutes § 53a-54, for which the petitioner received a term of incarceration of eighteen years to life.
The petitioner, in an amended petition, contends that his imprisonment is unlawful because his trial counsel, Attorney Eugene Riccio, rendered ineffective assistance by permitting him to plead guilty while in a debilitated state. The petitioner claims that on August 31, 1981, and for some long period before, he was psychotic, depressed, suicidal and a chronic alcohol and drug abuser. CT Page 5249
At the habeas hearing, the petitioner testified and offered into evidence certain of his medical records. Mr. Ocasio testified that he began using alcohol at age six and illegal drugs at age thirteen. By the time he was eighteen years old, in 1979, the petitioner claims he suffered frequent blackouts from daily use of various intoxicants. Following his arrest for murder on January 1, 1980, he claims to have continued daily use of alcohol, marijuana and certain pills, while incarcerated. The petitioner claims that while awaiting trial in jail he was confused, under stress and made several attempts to take his own life. On the date he plead guilty, the petitioner testified that he felt suicidal, had the shakes, was very confused, felt like he was in a cloud, and could not think straight. He claims that on said date, August 31, 1981, neither his attorney nor Judge Melville asked him how he was feeling. Apparently, due to the age of this case, no transcript of the petitioner's plea and canvassing is available.
In defense of Mr. Ocasio's claim, the respondent offered the testimony of Attorney Riccio and several exhibits. Attorney Riccio testified that, at his request, the court ordered competency examinations of the petitioner in April, 1980 and again in October, 1980. Both evaluations concluded that Mr. Ocasio was competent. Following his conviction, but prior to sentencing, Attorney Riccio obtained a court order to have the petitioner evaluated at Whiting Forensic Institute, pursuant to General Statutes § 17-244(a). On December 22, 1981, Whiting concluded that its investigation revealed "no evidence to suggest that Mr. Ocasio is experiencing a major mental illness of psychotic proportions."
Attorney Riccio testified further: that Mr. Ocasio was present for and participated in pretrial hearings and jury selection; that Mr. Ocasio was talked to regularly; that he was kept informed; that he understood and was aware of the court proceedings; that he asked relevant questions; that he was never suspected of using alcohol or drugs while incarcerated; that on several occasions Attorney Riccio had lengthy conversations concerning the case with Mr. Ocasio, his mother and his sister; that Mr. Ocasio's family urged him to plead out; that Judge Melville conducted an exhaustive canvas of Mr. Ocasio on the witness stand; that Mr. Ocasio and his family were cooperative; and that the petitioner appeared to have no memory problems.
Our Supreme Court has adopted the two-pronged Strickland test for evaluating ineffective assistance claims. Ostolaza v. Warden,26 Conn. App. 758, 761 (1992). That test requires that the CT Page 5250 petitioner demonstrate, by a preponderance of the evidence, both that his counsel's performance was substandard and that there exists a reasonable probability that, but for counsel's deficiencies, the outcome of the proceedings would have been different. Id.
As to the first prong of the Strickland test, the petitioner must demonstrate that his trial attorney's representation fell below an objective standard of reasonableness. Johnson v.Commissioner, 218 Conn. 403, 425 (1991). This standard of reasonableness is measured by prevailing, professional norms. Id. The burden of proving ineffectiveness of counsel is upon the petitioner. Quintana v. Warden, 220 Conn. 1, 5 (1990).
Based on the evidence, the court concludes that the petitioner has failed to meet his burden of proving his claim that Attorney Riccio's conduct at the time the petitioner pleaded guilty was not reasonably competent nor within the range of competence of Connecticut's attorneys practicing criminal law.
Credibility is for the trier-of-fact to determine. The court finds the testimony of Attorney Riccio credible. In contrast, the court finds that the petitioner's testimony fails to reflect the events in question accurately. Having accepted Attorney Riccio's version of the facts, and rejected the petitioner's, the court finds that the petitioner has failed to meet his burden of proving the deficiency of representation pursued at the hearing.
The petition is dismissed.
Martin, J.